UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBIN ANTHONY THOMAS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2906-PLC |
| | ) | |
| JUDY LANG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Robin Anthony Thomas for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $9.11. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $45.57. The Court will therefore assess an initial partial filing fee of $9.11, which is twenty percent of plaintiff's average monthly balance.

## Background

The instant complaint is the second civil rights complaint plaintiff has filed in this Court this year. On March 1, 2017, plaintiff filed a complaint seeking relief pursuant to 42 U.S.C. § 1983 against the St. Louis County Justice Center, Judy Lang, Christine Hattler, Gene Fitzgerald, and Jane Doe. *See Thomas v. St. Louis County Justice Center*, Case No. 4:17-cv-815-NAB (E.D. Mo. Apr. 21, 2017) (hereafter "*Thomas I*"). Plaintiff sought and was granted leave to proceed in forma pauperis. In the complaint, plaintiff alleged that he was incarcerated at the St. Louis County Justice Center from November 13, 2012 through September 10, 2014; his bank card was stored among his personal property in the property room; he designated one Michael Roberts as the person authorized to receive the bank card following his transfer to the Missouri Department of Corrections; Jane Doe intentionally and negligently released the bank card to one Lionel Hardy; and Hardy fraudulently used the card. He also alleged that Christine Hattler helped him fill out a property release form, and wrote down the 16 digits from his bank card for him at his request. Plaintiff also alleged that Fitzgerald, Lang and Hardy responded inappropriately when plaintiff tried to investigate the matter.

On April 21, 2017, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining that the complaint was frivolous and/or failed to state a claim upon which relief could be granted. Plaintiff filed a notice of appeal in the United States Court of Appeals for the

Eighth Circuit, but on October 30, 2017, the Court dismissed the appeal due to plaintiff's failure to prosecute.

## The Complaint

In the case at bar, plaintiff again seeks relief pursuant to 42 U.S.C. § 1983. He names Judy Lang, Herbert Bernsen, Tina Hayler, Gene Fitzgerald, Jane Doe and Lionel Hardy as defendants. The complaint sets forth nearly identical allegations as in *Thomas I*.

As in *Thomas I*, plaintiff states he was incarcerated at the St. Louis County Justice Center from November 13, 2012 through September 10, 2014, and that his bank card was held among his personal property. He states that Hayler wrote the 16 digits from the card on a piece of paper for him so that he could buy telephone time. He states he was scheduled to be transferred to the custody of the Missouri Department of Corrections, and he designated one Michael Roberts as the person authorized to receive the bank card following his transfer. He states that Hayler helped him complete a property release form. He alleges that Lang, Doe, Hayler, and/or Bernsen negligently or intentionally released his bank card and some other property to Hardy, and that Hardy fraudulently used the bank card. Finally, he alleges that Bernsen and Fitzgerald failed to help him investigate and/or ignored his requests for forms.

## Discussion

The instant complaint is based upon the same facts as the complaint in *Thomas I*, which this Court dismissed pursuant to 28 U.S.C. § 1915(e). While the dismissal of *Thomas I* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e) dismissal has res judicata effect and establishes that a subsequent claim based upon the same facts is frivolous for purposes of § 1915(e). *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez*, 504 U.S.

3

25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, this Court determines the § 1915(e) dismissal of *Thomas I* has res judicata effect and establishes that this second complaint, based upon the same facts, is frivolous for § 1915(e) purposes. The Court will therefore dismiss the complaint.

In addition, as this Court determined in *Thomas I*, plaintiff's claim that his bank card was intentionally released to Hardy does not establish a Due Process violation. The state of Missouri provides an adequate post-deprivation remedy, and plaintiff does not allege that those remedies were inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 531-21 (1984) (If the deprivation of property by prison officials is intentional and the state provides an adequate post-deprivation remedy, there is no Due Process violation). Plaintiff's claim that his bank card was negligently released to Hardy simply fails to implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original). Plaintiff's allegations against Lionel Hardy do not state a claim under 42 U.S.C. § 1983 because plaintiff does not allege, nor is it apparent, that Hardy was acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law). Finally, plaintiff's allegations that Hayler wrote down the 16 digits from the card for him and helped him complete a form, and his claims that Bernsen and Fitzgerald failed to help him investigate and/or ignored his requests for forms, do not establish the violation of a right secured by the Constitution or laws of the United States.

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $9.11 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of December, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE